UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----

M&T CAPITAL AND LEASING CORPORATION,

    Plaintiff,

    v.

FREON LOGISTICS,

    Defendant.

No. 2:23-cv-01171-WBS-KJN

ORDER

----

Plaintiff M&T Capital and Leasing Corporation seeks default judgment for breach of contract against defendant Freon Logistics in the amount of $4,581,805.32, plus 18% post-judgment interest. (See ECF No. 15 at 3.) The undersigned took plaintiff's motion under submission without oral argument in accordance with Eastern District Local Rule 230(g). (ECF No. 16.)

Upon review of plaintiff's motion and supporting documents, the court denies plaintiff's motion without prejudice.

////

////

////

I.     Factual Background

    A. Loan Agreement and Default

On or about February 15, 2018, plaintiff made various loans to defendant to purchase transportation equipment.[1] (ECF No. 1 at 2, ¶¶ 5-6.) The loan equipment was delivered to defendant. (Id. at 3, ¶ 7.) Pursuant to the terms of the loan agreement, defendant agreed to pay sixty consecutive monthly payments of $6,732.08. (Id. at 3, ¶ 9.) The loans were guaranteed by Amarinder Singh Gorwara and Hardeep Singh, neither of whom are named defendants. (Id. at 3, ¶¶ 10-11.) In the event of default, defendant was to owe plaintiff (a) all unpaid periodic installment payments plus late charges, if any, (b) the present value (using a two percent per annum (2%) discount rate) of all unmatured installments due and (c) interest the rate of one and one-half percent (1.5%) per month. (Loan Agreement, id. at 19, ¶ 15.) The agreement also provides for reasonable attorney fees and legal expenses upon default. (Id.)

On or about August 27, 2020, Top Mark Funding LLC (Top Mark) sold to People's Capital all its rights, interest in and title to the Equipment Finance Agreements, EFA Schedules, and EFA Guaranties together with all monies due, monies to become due, and all other agreements, instruments and documents related thereto, and the right to exercise all rights and remedies conferred by the EFA Documents. (Id. at 5, ¶ 15.) Between April 23, 2021, and August 2, 2022, Top Mark made several loans for equipment to defendant. (Id. at 3, ¶ 14.) Defendant agreed to certain monthly payments. (Id. at 5, ¶ 17.) On December 22, 2022, plaintiff sent to defendant a notice of default, acceleration, and demand for payment. (Id. at 161.) Despite demand, defendant has failed to cure its default.

On or about November 8, 2022, defendant filed a petition for relief under Chapter 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of California (Fresno), Case No. 22-11907, before the Honorable Rene Lastreto II. (Id. at 7, ¶ 27.) The case was converted to one under Chapter 7 of the Bankruptcy Code. The

---

[1] Plaintiff's predecessor, People's Capital subsequently became a subsidiary of plaintiff by merger and amended its name to M&T Capital and Leasing Corporation. (ECF No. 1 at ¶¶ 20-21.)

bankruptcy court entered an order granting plaintiff partial relief from the automatic stay for the purpose of repossessing the equipment. (Id. at 7, ¶ 29.) Defendant was required to provide the location of the equipment and immediately deliver and surrender the equipment to plaintiff. (Id.)

On or about February 9, 2023, the bankruptcy court entered an order granting plaintiff complete relief from the automatic stay to continue to repossess the equipment and to dispose of the equipment in accordance with Article 9 of the Uniform Commercial Code. (Id. at 7, ¶ 30.)

Plaintiff has successfully sold five units of the repossessed equipment and has applied the sales proceeds to the debt owed by the defendant. (ECF No. 15-1 at 6, ¶ 26.) Defendant has failed or refused to return and provide accurate information regarding the location or general whereabouts of the missing equipment. (Id. at 6, ¶ 33.)

### B. Procedural History

Plaintiff filed this action against defendant on June 20, 2023, seeking damages for breach of contract and a writ of possession. (ECF No. 1.) Plaintiff served defendant with process and sought entry of default judgment. (ECF Nos. 10, 11.) The clerk of court entered default against defendant on October 27, 2023. (ECF No. 12.) Plaintiff filed the instant motion on February 1, 2024. (ECF No. 15.) To date, defendant has not appeared or filed any responsive pleadings.

### II.     Legal Standards

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the

strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

Generally, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

III. Discussion

A. Jurisdiction

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). Here, plaintiff asserts the existence of diversity jurisdiction. (ECF No. 1 at 2, ¶¶ 5-6.) Plaintiff has properly alleged that the amount in controversy exceeds $75,000. (Id. at 2, ¶ 5.) Plaintiff alleges it is a corporation with its principal place of business in Connecticut. (Id. at 2, ¶ 1.) Plaintiff alleges that defendant is a California corporation with its principal place of business in Bakersfield, California. (Id. at 2, ¶ 2.) A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 3123 SMB LLC v. Horn, 880 F.3d 461, 462–63 (9th Cir. 2018). Accordingly, complete diversity exists among the parties and the court has subject matter jurisdiction.

B. Service of Process

Personal jurisdiction requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure 4]." Direct Mail

Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988).  Here, plaintiff completed service of process on defendant by substitute service on September 21, 2023. (ECF No. 10)

### C.  Eitel Factors

Courts in this circuit use the Eitel factors to determine whether to grant default judgment. The Eitel factors are:  (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel, 782 F.2d at 1471-72.

#### 1.  Factor One: Possibility of Prejudice to Plaintiff

Potential prejudice to the plaintiff weighs in favor of granting default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Here, plaintiff filed suit on April 7, 2022 and has have failed to appear, respond to the complaint, or otherwise put forth a defense in this action. Without default judgment, the litigation would remain at a standstill, prejudicing plaintiff. Accordingly, the first factor weighs in favor of default judgment.

#### 2.  Factors Two and Three: The Merits of the Substantive Claim and the Sufficiency of the Complaint

Factors two and three are considered together due to the relatedness of the inquiries.  The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.  Here, plaintiff seeks 1) a writ of possession and 2) damages for breach of contract. (ECF No. 1 at 1, 8, 10.)  The loan agreement states that it shall be governed and construed under the laws of Connecticut.  (ECF No. 15-1 at 19, ¶ 19.)  However, plaintiff has not demonstrated that it has stated a claim for a writ of possession or breach of contract under Connecticut law.  Instead, plaintiff argues that it has stated meritorious claims for writ of possession and breach of contract under California law. (ECF No. 15 at 1, citing Wall St. Network, Ltd. v. N.Y. Times Co., 164 Cal. App. 4th 1171, 1178 (2008); (ECF No. 15 at 2, citing California Civil Code § 3380.)

Accordingly, the undersigned is not satisfied that plaintiff's claims are adequately pleaded or substantively meritorious under governing law. Therefore, the second and third Eitel factors weigh against default.

### 3. Factor Four: The Sum of Money at Stake

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). "This requires . . . the court [to] assess whether the recovery sought is proportional to the harm caused by [the] defendant's conduct." Landstar Ranger, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

The sum of money plaintiff seeks to recover is $4,581,805.82 as of January 31, 2024, which reflects the amounts due under the loan documents after application of the sale proceeds from the sale of the equipment that has been located and repossessed, plus attorneys' fees and default interest. (ECF No. 15 at 12.) To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit. Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc., 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); see PepsiCo, Inc., 238 F. Supp. 2d at 1175.

The court seeks additional information about sought after charges and fees. First, while the account balance worksheet shows defendant owes $88,823.64 in late fees, and the defaulting party agreed to pay late fees, plaintiff has not explained how these fees were determined. (ECF No. 15-1 at 156.) Plaintiff should explain how the late fees are calculated to justify these charges. Second, plaintiff claims defendant owes $176,923.90 in expenses. However, defendant has not provided any information about what these expenses were. (Id.) Plaintiff should inform the court as to the nature of the expenses.

Ultimately, the court is not satisfied that "the requested amounts have evidentiary support, are specifically tailored to the misconduct of the defendant, and are otherwise proportionate to the defendant's offenses." See BR N. 223, LLC v. Glieberman, 2012 WL 639500, at *5-7 (E.D. Cal. Feb. 27, 2012). Accordingly, this factor does not favor default.

        4. Factor Five: The Possibility of a Dispute Concerning Material Facts

  Where the clerk has entered default and defendant has not appeared, there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Here, the clerk of court entered default against defendant on October 27, 2023 and defendant has not appeared.  (ECF No. 12.)  Accordingly, there is no likelihood that a genuine issue of material fact exists.  Therefore, the fifth Eitel factor favors entry of default judgment.

        5. Factor Six: Whether the Default Was Due to Excusable Neglect

  Defendant's default is not due to excusable neglect.  Plaintiff sent a notice to default to defendant prior to initiating this action.  (ECF No. 1 at 161.)  Defendant was properly served with the summons and complaint but has failed to appear.  (See ECF No. 10.)  See Shanghai Automatic Instrument Co., Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001.)  Accordingly, the sixth Eitel favor weighs in favor of a default judgment.

        6. Factor Seven: The Strong Policy Favoring Decisions on the Merits

  "Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782 F.2d at 1472.  However, this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.  PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).  Accordingly, the policy does not, by itself, preclude the entry of default judgment.

  Pursuant to the above analysis, the Eitel factors weigh against entering default judgment against defendant.

    D. Post-judgment interest

  Plaintiff requests post-judgment interest at a rate of 18% per annum.  The post-judgment interest rate is set "at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week

preceding ... the date of the judgment." 28 U.S.C. § 1961(a).  Accordingly, the court finds the requested rate unsupported and excessive.  (ECF No. 15 at 14.)  Plaintiff may provide further support for its requested rate in additional briefing.

II.     Conclusion and Order

In conclusion, the undersigned finds that the Eitel factors weigh against default judgment.  Plaintiff's motion (ECF No. 15) is denied without prejudice, subject to renewal upon additional briefing regarding the issues identified above.  Plaintiff shall immediately serve this order on defendant and shall also serve any additional evidence and briefing at the time of filing.  Plaintiff is ordered to file proofs of service.

IT IS SO ORDERED.

Dated:  March 28, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

mtca.1171