UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M&T CAPITAL AND LEASING CORPORATION,<br><br>             Plaintiff,<br><br>      v.<br><br>FREON LOGISTICS,<br><br>             Defendant. | Case No. 2:23-cv-01171-WBS-CSK<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REVISED MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 23) |

On June 20, 2023, Plaintiff M&T Capital and Leasing Corporation filed a complaint in this district court against Defendant Freon Logistics alleging that Defendant defaulted under the terms of various loan documents. *M&T Capital and Leasing Corporation v. Freon Logistics* ("*M&T Capital II*") (ECF No. 1). Pending before the Court is Plaintiff's revised motion for default judgment pursuant to Federal Rules of Civil Procedure 55(b)(2).[1] (ECF No. 23.) This motion was set for hearing for June 18, 2024. (*Id.*) Defendant did not file a response to the motion, nor has it appeared in this case in any way. As a result, on June 4, 2024, Plaintiff's motion was taken under submission without argument pursuant to Local Rule 230(c) and (g). (ECF No. 25.) For the reasons stated below, the Court DENIES WITHOUT PREJUDICE Plaintiff's revised motion for default

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

judgment subject to renewal.

Four months before filing the Complaint in this district court, on or about February 16, 2023, Plaintiff initiated a federal action against the individual guarantors of the same loan documents in the United States District Court for the District of Connecticut alleging breach of guaranty claims. *M&T Capital and Leasing Corporation v. Amarinder Singh Gorwara, Hardeep Singh, et al*., 3:23-cv-00205-JAM, ECF No. 1 (D. Conn. Feb. 16, 2023) ("*M&T Capital I*"); *see also* ECF No. 13 at 3.

On June 15, 2023, Plaintiff moved for default judgment against Defendants Amarinder Singh Gorwara and Hardeep Singh as guarantors on the loan documents, seeking $4,923,090.77 in damages for the outstanding balance on the loan documents as of June 12, 2023, which includes interest, costs, expenses, and attorneys' fees. *M&T Capital I,* ECF No. 15 at 6 (D. Conn. June 15, 2023). On September 5, 2023, the District Court for the District of Connecticut granted Plaintiff's motion for default judgment in the amount of $4,383,596.53 in damages, $485,447.04 in interest, and $54,047.20 in attorney's fees, for a total amount of $4,923,090.77, with post-judgment interest to accrue pursuant to 28 U.S.C. § 1961. *M&T Capital I,* ECF No. 17 (D. Conn. Sept. 5, 2023). Plaintiff indicates the District of Connecticut judgment remains unsatisfied to date. *See* ECF No. 13 at 3.

In this district court, the Complaint alleges claims for writ of possession and breach of contact against Defendant based on the same loan documents in *M&T Capital I*. *See* Compl. at 8-10. On May 7, 2024, Plaintiff moved for default judgment against Defendant seeking $4,524,119.29 in damages for the outstanding balance on the loan documents as of April 30, 2024, which includes default interest, costs, expenses, and attorneys' fees. (ECF No. 23-1 at 5.)

Plaintiff, however, fails to address whether recovery on the claims asserted in this action is barred by the doctrine of double recovery. *See Sorayama v. Robert Bane Ltd. Inc.*, 380 F. App'x 707, 709 (9th Cir. 2010) (holding the doctrine of double recovery bars a party from recovering twice for the same harm). The District of Connecticut previously

granted default judgment against the individual guarantors on Plaintiff's breach of guaranty claims for a total amount of $4,923,090.77 for defaulting on the same loan agreements that are the subject to this action. *M&T Capital I*, ECF No. 17 (D. Conn. Sept. 5, 2023). Awarding Plaintiff a second recovery against Defendant for defaulting on the same loan agreements that were the subject of the action brought against the individual guarantors, Amarinder Singh Gorwara and Hardeep Singh, in a different action would give Plaintiff an improper double recovery. *See Sorayama*, 380 F. App'x at 708-709 (holding a court commits reversible error when it, for example, awards damages for both breach of contract and the torts of conversion and breach of fiduciary duty where, by awarding damages for both breach of contract and tort theories, the judgment contains the potential for double recovery).

Because Plaintiff has failed to provide sufficient information for the Court to determine whether default judgment is appropriate in this action due to the issue of double recovery, the Court denies Plaintiff's motion without prejudice. The Court provides Plaintiff a final opportunity to file second motion for default judgment, which should also address these deficiencies. Plaintiff is further directed to address whether it seeks to hold Defendant jointly liable for the previous default judgment against the individual guarantors, Amarinder Singh Gorwara and Hardeep Singh. If Plaintiff does not timely file a second motion for default judgment within thirty (30) days from the date of this order, Plaintiff is warned that this action will be recommended to be dismissed.

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiff's revised motion for default judgment (ECF No. 23) is DENIED WITHOUT PREJUDICE; and
2. Plaintiff is directed to file a second motion for default judgment, which should also address the deficiencies noted above, within thirty (30) days from the date of this order.

Dated: March 20, 2025

4, m&t1171.23

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE