1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   M&T CAPITAL AND LEASING              Case No. 2:23-cv-01171-WBS-CSK
     CORPORATION,
12                                         ORDER
                       Plaintiff,
13
            v.
14
     FREON LOGISTICS,
15
                       Defendant.
16

17          Plaintiff M&T Capital and Leasing Corp.'s third motion for default judgment was

18   filed on April 17, 2025, and its supporting declarations were filed on June 9, 2025. (ECF

19   Nos. 33, 37.)[1] In its third motion for default judgment, Plaintiff seeks damages in the

20   amount of $4,524,119.29. *See* Pl. Third Mot. (ECF No. 33.) Plaintiff's evidentiary

21   support, however, does not support this figure. "Plaintiff has the burden of proving

22   damages through testimony or written affidavit." *See Bd. of Trs. of the Boilermaker*

23   *Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).

24          For example, Plaintiff submits that the total damages of $4,524,119.29 as of April

25   30, 2024 are supported by the Account Balance Worksheet submitted as Exhibit J to the

26   Declaration of Robert Van Tine (ECF No. 37). Van Tine Decl. ¶ 29. But the Account

27   _____

28   [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A)
     and Local Rule 302(c)(19).

                                               1

Balance Worksheet provides a different total damages amount than the motion, and different line item amounts than the underlying evidentiary support submitted. The Account Balance Worksheet provides a total amount due of $4,581,805.82 as of January 31, 2024, but Plaintiff clearly states in its motion and the Van Tine declaration that the total amount due as of April 30, 2024 is a lower amount—$4,524,119.29. *Compare* Pl. Third Mot. at 5, 8, 10, 14 & Van Tine Decl. ¶ 29, *with* Van Tine Decl., Exh. J. In addition, Plaintiff seeks expenses of $116,565.42, which are itemized in Exhibit K to the Van Tine Declaration as was required by the Court's March 28, 2024 order denying without prejudice Plaintiff's first motion for default judgment (ECF No. 18 at 6), but the Account Balance Worksheet lists $176,923.90 in expenses owed. *Compare* Van Tine Decl. ¶ 33 & Exh. K (itemized expenses), *with* Van Tine Decl., Exh. J. Finally, Plaintiff submitted two separate declarations with substantiation in support of its attorney's fees and legal costs, and these amounts also differ from the Account Balance Worksheet. *Compare* Declarations of Evan S. Goldstein (ECF No. 37-1) and W. Scott Cameron (ECF No. 37-2), *with* Van Tine Decl., Exh. J ($14,617.33).

Because the Account Balance Worksheet is inconsistent with the itemized evidentiary support, the Court rejects the Account Balance Worksheet. While Plaintiff has submitted sufficient evidentiary support for its expenses through its itemized expenses list in Van Tine Exhibit K and of its attorney's fees and legal costs through the Goldstein and Cameron declarations, Plaintiff has not submitted sufficient evidentiary support for its principal owed and interest because this is based on the Account Balance Worksheet, which the Court rejects. *See* Van Tine Decl. ¶ 29 & Exh. J. Plaintiff's submission also does not separately identify the principal, or how the $948,852.99 prejudgment interest was calculated. *See* Van Tine Decl., Exh. J.

Plaintiff is given one final opportunity to submit sufficient evidentiary support for its request for $4,524,119.29 in damages, **which must be filed within 14 days of this order (on or by June 26, 2025).** Plaintiff's submission must include a corrected summary table with the total damages sought and each category that makes up this

1   total. The submission must also separately identify the amounts for the principal(s) and

2   for prejudgment interest, with an explanation for how prejudgment interest was

3   calculated. After Plaintiff's supplemental submission is filed and served, Defendant will

4   be provided with an opportunity to respond. **Defendant's response is due within 14**

5   **days after Plaintiff's supplemental submission is served**.

6          Prejudgment interest is a substantive part of Plaintiff's claims, and state law

7   generally governs the award of prejudgment interest in diversity actions. *Oak Harbor*

8   *Freight Lines, Inc. v. Sears Roebuck & Co*., 513 F.3d 949, 961 (9th Cir. 2008); *see also*

9   *Phillips 66 Co. v. Petros Rai Stations*, LLC, 2016 WL 1654957, at *8 (E.D. Cal. April 26,

10  2016) ("When a contract includes a valid choice of law provision, the court applies the

11  law of the chosen state to find the appropriate prejudgment interest."). In identifying the

12  prejudgment interest sought, Plaintiff must provide sufficient information for the Court to

13  make a determination by sufficiently describing how prejudgment interest was

14  calculated, which state law was applied (California v. Connecticut), and whether the

15  interest rate identified in the agreements are consistent with state law. It appears that

16  different state law applies to the various agreements at issue here with Connecticut law

17  governing the Master Loan Agreement and California law governing the Equipment

18  Finance Agreements. To the extent Plaintiff seeks prejudgment interest at a different rate

19  than provided by state law, Plaintiff's supplemental briefing must include the legal

20  authority for seeking a different rate. For example, Plaintiff's Account Balance Worksheet

21  includes a footnote that states that an 18% per annum interest rate was applied, *see*

22  Van Tine Decl., Exh. J at n.2, but California law provides for interest at a rate of 10% per

23  annum in contract cases after a breach. *See* Cal. Civ. Code § 3289(b). Plaintiff may also

24  elect to withdraw its request for prejudgment interest. Plaintiff is reminded that its filings

25  must be served on Defendant, with a proof of service filed.

26          Accordingly, IT IS HEREBY ORDERED that:

27  1.   Within 14 days of this order (on or by June 26, 2025), Plaintiff shall submit its

28          supplemental brief and evidentiary support as outlined above with a proof of

service filed; and

2. Defendant's response is due within 14 days after Plaintiff's supplemental submission is served.

Dated:  06/12/25

_____

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, m&t1171.23

4